SPAET, HAROLD B., Associate Judge.
Appellant-defendant in the trial court, seeks review of an order enjoining him from soliciting or interfering with the accounts of the appellee, Ryan-McLeod, Inc., a dissolved Florida corporation, for a period of three years.
Ryan-McLeod, Inc. was an insurance agency operating in Dade County, Florida. By decree of the trial court, the corporation was dissolved under Section 608.28 Florida Statutes, F.S.A., the so called “deadlock” statute, and a Receiver appointed.
Thereafter, the Receiver, with court approval and ratification, sold the assets of the corporation to appellee, Stembler-Adams-Frazier Insurance Agency, Inc. Upon being advised that appellant, John B. McLeod, was soliciting clients of the dissolved corporation for insurance business, the Receiver sought and obtained the order here appealed, wherein the appellant was restrained from soliciting or interfering with the accounts of Ryan-McLeod, Inc. for “at least the period of the contract approved by this court, to-wit: three (3) years.”
We reverse.
*17 On a judicial sale no restriction as to solicitation of former customers or clients exists nor should restrictions be implied.
In Williston on Contracts (Rev.Ed. 1937) Vol. 5, p. 4596, sec. 1640 the general rule is stated as follows:
“In an involuntary sale, as by a receiver or trustee in bankruptcy, there is no such implied restrictive promise. A discharged bankrupt may compete with the purchaser from his trustee and solicit his own former customers.”
A leading case in the field is Von Bremen, et al. v. MacMonnies, 200 N.Y. 41, 93 N.E. 186. In that well reasoned opinion by the Court of Appeals of the State of New York, the following is found on page 189:
“The good will, which the owner thereof parts with in invitum, as in bankruptcy proceedings or by operation of law, as in the liquidation of a partnership by the lapse of time or its termination pursuant to the articles of copartnership, is a lesser property than the good will which is the subject of a voluntary sale and transfer by the owner for a valuable consideration. In the first class of cases the former owner remains under no obligation restricting competition on his part in the slightest degree-, in the second class of cases the former owner, by his voluntary act of sale, has excluded himself from competing with the purchaser of the good will to the extent of having impliedly agreed that he will not solicit trade from customers of the old business.” (Italics ours)
The case has a splendid analysis of the leading English cases, Labouchere v. Dawson Reports (13 Equity) 322 and Trego v. Hunt (Law Reports, 1896 [Appeal Cases] 7), and goes on to say:
“The good will which is the subject of a voluntary sale is, therefore, a different thing from the good will which the owner parts with perforce or under compulsion.”
In Beauchamp v. United States, 76 F.2d 663 (C.C.A. 9th) an adjudication of a bankrupt in contempt by the lower court was reversed. The Circuit Court of Appeals of the 9th Circuit holding that a judicial sale of business, together with its good will, does not prevent former owner from again conducting similar business nor does it debar him from soliciting customers of old establishment. Beauchamp dealt with a general insurance business.
At page 667 the court said:
“The sale here in question was a judicial or forced sale. As to such sales the law is:
‘A judicial sale of a business together with its good will does not prevent the former owner from again conducting a similar business.’ 28 C.J. 742, § 14.
‘A judicial sale of a business does not prevent the former owner from soliciting the customers of the old establishment.’ 28 C.J. 743, § 15.
Judge Cardozo, in Re Brown, 242 N.Y. 1, 150 N.E. 581, 584, 44 A.L.R. 510, distinguishes between voluntary and involuntary sales of good will.
‘ * * * after a voluntary sale, the seller, though he may compete, may not drum up or circularize the customers of the business. After a sale in invitum, he is not subject to a disability, so heavy’ * * * 3t
The law, therefore, seems well settled that on a judicial sale no restriction as to solicitation exists or should be implied.
Public policy, in all common law jurisdictions, frowns upon restrictive covenants in restraint of trade for two reasons:
1. Interference with free flow of commerce, which free flow the courts very much favor; and
2. Hurt to Society in depriving one of its members the ability to earn his bread.
*18 By Statute enacted in this State in 1953 (542.12) this common law public policy was reaffirmed in this State except in certain very specific consensual situations, i. e.
1. The sale of a business.
2. The entry into an employment contract.
3. Partners on dissolution or in anticipation of dissolution.
Significantly, however, in each of these cases the Statute used the words “may agree” showing that consent of the party to be bound must be shown.
Nothing herein stated should be construed to limit the power of the court below to protect the res from destruction or wrongful interference. Any effort to cancel existing contracts could be restrained. But the mere solicitation of clients or seeking after renewals is not such interference with the res as to justify restraint.
The cause, is remanded to the court below for further proceedings consistent with this opinion.
Reversed.